## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| inCruises International, LLC, a Puerto Rico limited liability company, and inCruises Puerto Rico, LLC, a Puerto Rico limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> Ismael Prego Botana, an individual; and Daniel José Santomé Lemus, an individual, <br><br> Defendants. | **COMPLAINT** <br><br><br> **(Jury Demanded)** <br><br> Civil No. 20-cv-01627 <br><br> Hon. _____ |

### COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

Plaintiffs inCruises International, LLC and inCruises Puerto Rico, LLC ("inCruises"[1] or "Plaintiffs") hereby complain of Defendants Ismael Prego Botana ("Botana") and Daniel José Santomé Lemus ("Lemus" or together with Botana, "Defendants"), and for their claims allege as follows:

### INTRODUCTION

1.      Defendants are the owners/operators of certain YouTube channels, and they post videos to those channels and/or to YouTube generally, in part to derive revenue from views of those videos.  Specifically, Defendant Botana uses the online persona, Wismichu, and posts

---

[1] References to "inCruises" in this Complaint should be understood to refer to both inCruises International, LLC and inCruises Puerto Rico, LLC.

videos to a YouTube channel of the same name.  Defendant Lemus, on the other hand, is known

online as Dalas Review and posts videos to a Dalas Review YouTube channel.  Defendants each

posted videos on YouTube about inCruises that contained false and defamatory statements about

inCruises and its business operations ("Defamatory Videos").  The Defamatory Videos have

caused significant harm to inCruises' reputation and interfered with inCruises' present and future

economic relationships, all of which have damaged inCruises.

**PARTIES, JURISDICTION, AND VENUE**

2.      inCruises International, LLC is a Puerto Rico limited liability company with its

principal place of business in Puerto Rico. The members of inCruises International, LLC are

Michael T. Hutchinson and Francisco J. Codina, who are residents of Puerto Rico.

3.      inCruises Puerto Rico, LLC is a Puerto Rico limited liability company with its

principal place of business in Puerto Rico.  The members of inCruises Puerto Rico, LLC are

Michael T. Hutchinson and Francisco J. Codina, who are residents of Puerto Rico.

4.      On information and belief, Defendant Botana is a resident of Barcelona, Spain.

5.      On information and belief, Defendant Lemus is a resident of Andorra.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because

there is complete diversity of citizenship between parties and the amount in controversy exceeds

$75,000, exclusive of interests and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial

part of the events or omissions giving rise to the claims occurred in this district and/or because

the Defendants are subject to the court's personal jurisdiction with respect to the events alleged

in this action.

8.      Specifically, Defendants regularly post videos to their YouTube channels.

9.      On information and belief, a significant number of individuals in Puerto Rico regularly view the videos Defendants post to their YouTube channels.

10.     A significant number of individuals in Puerto Rico viewed the Defamatory Videos.

11.     A significant number of individuals in Puerto Rico who were either interested in entering or had already entered a business relationship with inCruises viewed the Defamatory Videos and then decided not to pursue or to end their business relationship with inCruises.

12.     Defendants earn revenue from the videos they post.

13.     On information and belief, a significant percentage of the revenue Defendants receive from their YouTube videos results from viewers/views in Puerto Rico.

14.     On information and belief, a significant percentage of the revenue Defendants earned from the Defamatory Videos resulted from viewers/views in Puerto Rico.

15.     On information and belief, because the owners of YouTube Channels and YouTube videos have the ability to see where their videos are viewed, Defendants knew that viewers in Puerto Rico regularly view the videos they post to YouTube.

16.     On information and belief, because the owners of YouTube Channels and YouTube videos have the ability to see where their videos are viewed, Defendants knew that the Defamatory Videos would be seen in Puerto Rico.

17.     In fact, one of the Defamatory Videos posted by Defendant Lemus shows an inCruises event being held in Puerto Rico.

## GENERAL ALLEGATIONS

18.      inCruises is an invitation-only exclusive membership travel club that makes cruise travel more accessible, affordable, and available to individuals and families worldwide.

19.      Members of the inCruises travel club save money on booking cruises.

20.      Some persons choose to become what inCruises calls Partners.  Partners are independent contractors with inCruises who are not Members but who promote the club and earn commissions and incentives by referring others who purchase memberships.  Some Partners are also Members and are what inCruises calls Partner Members.  Partners, Members, and Partner Members are referred to in this Complaint as "participants."

### Dalas Review Defamatory Videos

21.      On or about January 23, 2020, Defendant Lemus posted a video entitled "Yo era amigo de un ESTAFADOR…Te explico sus TRUCOS" to YouTube and his Dalas Review YouTube channel ("First Dalas Review Video").

22.      During the course of the video, Defendant Lemus repeatedly describes inCruises as a "pyramid scam," which is tantamount to accusing inCruises of illegal and/or fraudulent conduct.  Indeed, Defendant Lemus makes statements implying that inCruises is "a fraud" including by stating that inCruises promises its partners will become rich and that any business that promises that its participants will be rich in exchange for a modest price is a fraud.

23.      Defendant Lemus also states that inCruises misleads people into believing that they can achieve something that inCruises knows that they cannot achieve.

24.      Moreover, during the First Dalas Review Video, Defendant Lemus accuses inCruises of recruiting minors to become partners in inCruises.

25.     Finally, Defendant Lemus makes statements concerning inCruises' compensation/incentive plan that imply that inCruises' business model is primarily based upon recruiting new participants and not providing a product or service.  For example, Defendant Lemus states that inCruises product is irrelevant and the least important aspect of its business and that inCruises really just sells a lifestyle to gullible people.  The clear implication of these statements alone and combined with the other statements in the First Dalas Review Video is that inCruises is an illegal pyramid scheme and scam operation, preying on minors, and fleecing consumers and participants.

26.     In the video, Defendant Lemus actively discourages people from joining inCruises.

27.     As of the drafting of this complaint, the First Dalas Review Video had 758,995 views.

28.     Though inCruises demanded that Defendant Lemus remove the First Dalas Review Video, Defendant Lemus refused and the video is still available on YouTube.

29.     Indeed, instead of removing the video, on or about February 2, 2020, Defendant Lemus posted a second video entitled "Me ha denunciado 'InCruises'… (La Empresa del video sobre estafas piramidales)" to his YouTube and Dalas Review YouTube channel ("Second Dalas Review Video").[2]

30.     In the Second Dalas Review Video, Defendant Lemus again repeatedly describes inCruises as a "pyramid" business or scam.  He also reiterates his assertion that inCruises'

---

[2] The Second Dalas Review Video is found here:
https://www.youtube.com/watch?v=DkjQWJ0AOb8

business model is not really focused on selling a product—cruises or travel—and is instead focused on selling a lifestyle and recruiting new participants.

31.     Again, Defendant Lemus accuses inCruises of tricking people into believing they will become rich and, again, describes inCruises as a fraud and as cheating people.

32.     The clear implication of these statements alone and combined with the other statements in the Second Dalas Review Video is that inCruises is an illegal pyramid scheme and scam operation, preying on minors, and fleecing consumers and participants.

33.     In the video, Defendant Lemus actively discourages people from joining inCruises.

34.     Indeed, Defendant Lemus, in the Second Dalas Review Video, prompts viewers to share the video with others so that his defamatory statements could reach even more people.

35.     As of the drafting of this complaint, the Second Dalas Review Video had 877,402 views.

36.     The statements in paragraphs 21 through 35 shall be referred to hereafter as the "Lemus Defamatory Statements."

**Wismichu Defamatory Video**

37.     On or about May 18, 2020, Defendant Botana posted a video entitled "CSI: INCRUISES" to YouTube and his Wismichu YouTube channel ("Wismichu Video").[3]

38.     During the course of the video, Defendant Botana repeatedly describes inCruises as a "pyramid scheme" that takes advantage of unemployed people, which is tantamount to accusing inCruises of illegal and/or fraudulent conduct.

---

[3] The Wismichu Video is found here: https://www.youtube.com/watch?v=-ANhxjrNKo0

39.     Moreover, during the Wismichu Video, Defendant Botana accuses inCruises of recruiting minors to become partners in inCruises.

40.     Finally, Defendant Botana makes several statements concerning inCruises compensation/incentive plan that imply that inCruises' business model is primarily based upon recruiting new participants and not providing a product or service.  For example, Defendant Botana states that inCruises' business is not selling cruises or travel, but is capturing and recruiting new members in order to extract every penny from them.  The implication of these statements alone and combined with the other statements in the Wismichu Video is that inCruises is a scam operation, preying on minors and fleecing consumers and participants.

41.     In the video, Defendant Botana actively discourages people from joining inCruises.

42.     As of the drafting of this complaint, the Wismichu Video had 2,469,363 views.

43.     The statements in paragraphs 37 through 42 shall be referred to hereafter as the "Botana Defamatory Statements" or, together with the Lemus Defamatory Statements, the "Defamatory Statements."

<u>The Defamatory Statements are False</u>

44.     The Defamatory Statements were and are unequivocally false.

45.     inCruises is not an illegal pyramid scheme or scam.  It offers genuine products and services with real value and derives profits from selling those products and services.

46.     inCruises is also not a fraud or a cheat.  It discloses all aspects of its membership program to potential participants and delivers the products and services it advertises.

47.     inCruises also does not prey on minors; as is clearly disclosed on inCruises'
website, participants must be at least 18 years of age.

## The Defamatory Statements Have Caused Harm to inCruises

48.     The Defamatory Videos have been seen by millions of people around the world,
meaning that millions of people saw and heard Defendants' Defamatory Statements.

49.     inCruises' reputation is a key element of its business, and inCruises' business
model relies on, among other things, word of mouth, references, recommendations, and online
and social media mentions and "likes."

50.     inCruises is aware of a significant number of individuals who, after seeing the
Defamatory Videos, ended their business relationship with inCruises or declined to enter into a
business relationship with inCruises as a result of the Defamatory Statements in the Defamatory
Videos.

51.     Indeed, after publication of the Defamatory Statements, inCruises experienced a
significant drop in revenue and in new Members and Partner Members and lost many existing
Members and Partner Members, both in Puerto Rico and around the world, particularly the
Spanish-speaking world.

52.     In this way, publication of the Defamatory Statements has directly and
proximately caused extreme damage to inCruises' reputation around the world, particularly in
Spanish-speaking countries and communities.

53.     Additionally, publication of the Defamatory Statements has directly and
proximately caused damage to inCruises' business interests around the world, particularly in
Spanish-speaking countries and communities.

54.     inCruises has lost, not just existing Members and Partner Members, but also potential new Members and new Partner Members, and the revenue that would have been generated by all such lost memberships as a result of the Defamatory Statements.

55.     As just one example of harm the Defamatory Statements have caused to inCruises' reputation and business interests, a travel blogger recently made social media posts making statements similar to the Defamatory Statements, including that inCruises is a pyramid business. Those posts reference and even link to the Second Dalas Review Video. Comments on the posts show that people who were interested in inCruises decided not to participate after seeing the posts.

## FIRST CAUSE OF ACTION
### (Defamation, pursuant to the Libel and Slander Act of 1902, Section 1802 of the Puerto Rico Civil Code, and Article II, Section 8 of the Constitution of the Commonwealth of Puerto Rico)

56.     Plaintiffs incorporate by this reference the foregoing allegations of this Complaint as though fully set forth herein.

57.     Defendants published the Defamatory Statements.

58.     The Defamatory Statements that are of and concerning Plaintiffs, are statements of fact, not statements of opinion, are unequivocally false, and are not subject to any privilege.

59.     The Defamatory Statements are capable of conveying a defamatory meaning—namely, that inCruises is an illegal pyramid scheme, a fraud, and a scam operation and that inCruises preys on minors and tricks people into giving money for something of no value, and the Defamatory Statements were so understood by the audience that received them. As such, the Defamatory Statements called into question Plaintiffs' honesty, integrity, virtue, and/or reputation and thereby exposed Plaintiffs to public hatred or contempt, deprived inCruises of the

benefit of public confidence and social intercourse, injured inCruises in its business, and threw discredit, contempt, and dishonor upon inCruises.

60.     At a minimum, Defendants published the Defamatory Statements negligently and without the requisite degree of care; and inCruises is a private figure and not a public official.

61.     The Defamatory Statements were made to persons other than Defendants' relatives within a third degree, to persons other than those whom Defendants have under guardianship, or to persons other than persons having business in partnership or other similar association with Defendants.

62.     The Defamatory Statements are defamatory *per se* because they accuse inCruises of illegal/criminal activity and discredited and injured inCruises in respect to its trade or business, and thus are actionable without proof of special damages.

63.     Publication of the Defamatory Statements has directly and proximately caused extreme damage to inCruises' reputation, and inCruises is therefore entitled to an award of general damages in an amount to be determined at trial but in no event less than $75,000.

64.     Publication of the Defamatory Statements has directly and proximately caused damage to inCruises' business interests world-wide as alleged herein.  inCruises is therefore entitled to an award of special damages in an amount to be determined at trial but in no event less than $75,000.

65.     Plaintiffs are entitled to an award of their costs and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
**(False Light pursuant to the Libel and Slander Act of 1902 and
Section 1802 of the Puerto Rico Civil Code)**

66.　　Plaintiffs incorporate by this reference the foregoing allegations of this Complaint as though fully set forth herein.

67.　　Defendants' conduct as alleged herein, including but not limited to their publication of the Defamatory Statements, gave publicity to matters concerning inCruises that placed it before the public in a false light.

68.　　The false light in which inCruises was placed would be highly offensive to a reasonable person.

69.　　In placing inCruises in a false light, Defendants had actual knowledge of and/or acted in reckless disregard as to the falsity of the publicized matter and the false light in which they placed inCruises.

70.　　As a direct and proximate result of Defendants' conduct, inCruises has been damaged in an amount to be determined at trial but in no event less than $75,000.

71.　　Plaintiffs are entitled to an award of their costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.　　For an award of general damages in an amount to be determined at trial;

2.　　For an award of special damages in an amount to be determined at trial;

3.　　For all applicable pre- and post-judgment interest as allowed by law;

4.　　For an award of Plaintiffs' reasonable attorney's fees and costs incurred in this proceeding; and

4845-5353-6076

11

5.      For such other and further relief as this Court deems reasonable and just.

## JURY DEMAND

Plaintiffs demand a jury for all claims, issues, and matters triable thereto.

DATED this 10th day of November 2020.

PARR BROWN GEE & LOVELESS, P.C.

/s/ Jeffrey J. Hunt
Jeffrey J. Hunt (UT Bar #5855) (Pro hac vice admission pending)
Sara Meg Nielson (UT Bar #13824) (Pro hac vice admission pending)
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Tel.: (801) 532-7840
Fax: (801) 532-7750
jhunt@parrbrown.com
snielson@parrbrown.com

CORRETJER, L.L.C.

/s/ Eduardo J. Corretjer Reyes
Eduardo J. Corretjer Reyes (USDC-PR #224113)
625 Ponce de León Ave.
San Juan, PR 00917-4819
Tel.: (787)751-4618
Fax: (787) 759-6503
ejcr@corretjerlaw.com

Attorneys for Plaintiffs inCruises International, LLC and inCruises Puerto Rico, LLC